UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN BLACKSHERE,

Plaintiff,

v.

BRIAN PATRICK WADE et al.,

Defendants.

Case No. 1:26-cv-948

Honorable Sally J. Berens

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. The Court will grant Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will partially dismiss Plaintiff's complaint for failure to state a claim for the reasons detailed below.

## **Discussion**

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the G. Robert Cotton Correctional Facility (JCF) in Jackson, Jackson County, Michigan. The events about which he complains, however, occurred at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. Plaintiff sues the following LCF staff: Food Service Supervisor Brian Patrick Wade, Corrections Officer Unknown Dubois, Warden Bryan Morrison, and Grievance Coordinator Unknown Party. (Compl., ECF No. 1, PageID.2.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

In Plaintiff's complaint, he alleges that while he was in the chow hall on February 14, 2023, the Food Service Supervisor, Defendant Wade, "attempted to forcibly insert a white substance into the Plaintiff's mouth."[2] (*Id.*) Defendant Wade "aggressively mashed the white substance into the side of the Plaintiff's face," in an "attempt to break [Plaintiff's] cheek skin." (*Id.*) Defendant Wade insinuated the white substance was semen by calling the substance, "powdered nut." (*Id.*) On the following day, February 15, 2023, Defendant Wade approached Plaintiff from behind and "kneed the Plaintiff in the buttocks." (*Id.*) Defendant Wade commented that Plaintiff's buttocks were "fat, nice, and soft." (*Id.*) A few months later, on June 23, 2023, "the State reached out to the Plaintiff about commencing action against Defendant Wade." (*Id.*, PageID.4.)

Then, on February 17, 2023, Defendant Dubois, a corrections officer, "came up from behind and massaged the Plaintiff's shoulders." (*Id.*, PageID.3.) Defendant Dubois told Plaintiff, "Alright, big daddy, relax," as he massaged Plaintiff's shoulders. (*Id.*) Plaintiff alleges that this happened several times during Defendant Dubois's shift. (*Id.*)

Plaintiff filed grievances on Defendants Wade and Dubois on unspecified dates and "pursued" them through all three steps of the grievance process.[3] (*See id.*, PageID.2–3.) Because Plaintiff did not receive responses to his grievances, he wrote to the grievance coordinator, Defendant Unknown Party, on March 15, 2023. (*Id.*, PageID.3.) Defendant Unknown Party informed Plaintiff that an "extension was given" on his grievances. (*Id.*) Plaintiff wrote to "obtain

[2] In this opinion, the Court corrects the punctuation and capitalization in quotations from Plaintiff's filings.

[3] Plaintiff's complaint also contains several allegations regarding his grievances that involve non-parties. (*See* Compl., ECF No. 1, PageID.3, 4.) To the extent that Plaintiff intended any claims against these non-party individuals who are not named in Plaintiff's list of Defendants, no proper claims may be raised against these non-parties. Fed. R. Civ. P. 10(a).

information" on his grievances from Defendant Unknown Party on April 13, 2023, April 17, 2023, and May 11, 2023, but received no response. (*Id.*, PageID.3.)

On an unspecified date, the warden of LCF, Defendant Morrison, "refus[ed] to release still photos of the attacks on the Plaintiff." (*Id.*) In response, Plaintiff filed a grievance against Defendant Morrison on June 16, 2023. (*Id.*) This grievance was rejected by an unnamed individual on an unspecified date for being untimely. (*Id.*) Plaintiff asserts that his grievance should not have been denied because Plaintiff did not know about the refusal to release photographs until "the prosecution [or] police informed [him]" on an unspecified date. (*Id.*)

The following year, on June 24, 2024, and July 15, 2024, Plaintiff wrote requests for "information" to Defendant Unknown Party regarding his grievances against Defendants Wade and Dubois. (*See id.*, PageID.3–4.) In response to Plaintiff's request for information on June 24, 2024, Defendant Unknown Party informed Plaintiff that he had to pay for his grievance documents. (*Id.*, PageID.4.) Defendant Unknown Party's response to Plaintiff's request on July 15, 2024, was that he would have to request the documents elsewhere. (*Id.*)

Lastly, Plaintiff claims that "since the incident," he has been transferred to four different correctional facilities and, on unspecified dates, he "had to wait for his property to catch up." (*Id.*)

Based on the foregoing allegations, Plaintiff avers that his Eighth and Fourteenth Amendment rights were violated.[4] (*Id.*, PageID.5.) Plaintiff also claims that Defendants violated state law. (*Id.*) Plaintiff seeks declaratory and injunctive relief, as well as monetary damages. (*Id.*, PageID.6–7.)

---

[4] Plaintiff specifically set forth the claims he intended to raise against each Defendant in this suit. (*See* Compl., ECF No. 1, PageID.5.) Under these circumstances, because Plaintiff indicated the claims he intended to raise in the action, the Court does not construe Plaintiff's complaint as raising any additional claims beyond those articulated by Plaintiff.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983

is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. Statute of Limitations

In this action, Plaintiff presents claims against Defendants Wade and Dubois regarding events that occurred in mid-February 2023, more than three years before Plaintiff initiated this action on March 17, 2023, the date on which Plaintiff signed his complaint. State statutes of limitations and tolling principles apply to determine the timeliness of claims asserted under 42 U.S.C. § 1983. *Wilson v. Garcia*, 471 U.S. 261, 268–69 (1985). For civil rights suits filed in Michigan under Section 1983, the statute of limitations is three years. *See* Mich. Comp. Laws § 600.5805(2); *Carroll v. Wilkerson*, 782 F.2d 44, 44 (6th Cir. 1986) (per curiam); *Stafford v. Vaughn*, No. 97-2239, 1999 WL 96990, at *1 (6th Cir. Feb. 2, 1999). Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). The statute of limitations begins to run when the aggrieved party knows or has reason to know of the injury that is the basis of his action. *Collyer*, 98 F.3d at 220.

Plaintiff's complaint was filed on March 23, 2026, and appears to be untimely as to Plaintiff's claims against Defendants Wade and Dubois. However, the statute of limitations for Section 1983 claims may be tolled for the period during which a plaintiff's available state administrative remedies were being exhausted. *See Brown v. Morgan*, 209 F.3d 595, 596-97 (6th Cir. 2000). Here, Plaintiff does not assert when he submitted his initial grievances regarding these assaults and what time was spent on exhausting his administrative remedies.[5] The Court is

[5] Plaintiff alleges he requested "information" on his grievances on several occasions from Defendant Unknown Party, but it is not clear from Plaintiff's allegations whether this was part of the exhaustion process or to obtain copies of his grievances. (*See* Compl., ECF No. 1, PageID.3, 4.)

therefore unable to determine when Plaintiff's claims accrued because it is not clear when Plaintiff exhausted his administrative remedies.

Although a claim barred by the statute of limitations is subject to dismissal for failure to state a claim, *see Jones v. Bock*, 549 U.S. 199, 215 (2007), in deference to Plaintiff's *pro se* status, the Court will address Plaintiff's claims on the merits below.

**B. Eighth Amendment Claims Against Defendants Wade and Dubois**

In Plaintiff's list of claims, he avers that Defendants Wade's and Dubois's physical and sexual contact with Plaintiff violated his Eighth Amendment right to be free from cruel and unusual punishment. (Compl., ECF No. 1, PageID.5.)

As relevant to excessive force claims, the Eighth Amendment prohibits conditions of confinement which, although not physically barbarous, "involve the unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (quoting *Gregg v. Georgia*, 428 U.S. 153, 183 (1976)). Among unnecessary and wanton inflictions of pain are those that are "totally without penological justification." *Id.* However, not every shove or restraint gives rise to a constitutional violation. *Parrish v. Johnson*, 800 F.2d 600, 604 (6th Cir. 1986); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "On occasion, '[t]he maintenance of prison security and discipline may require that inmates be subjected to physical contact actionable as assault under common law.'" *Cordell v. McKinney*, 759 F.3d 573, 580 (6th Cir. 2014) (quoting *Combs v. Wilkinson*, 315 F.3d 548, 556 (6th Cir. 2002)). Prison officials nonetheless violate the Eighth Amendment when their "offending conduct reflects an unnecessary and wanton infliction of pain." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Pelfrey v. Chambers*, 43 F.3d 1034, 1037 (6th Cir. 1995)); *Bailey v. Golladay*, 421 F. App'x 579, 582 (6th Cir. 2011).

There is a subjective component and an objective component to Eighth Amendment claims. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Comstock v. McCrary*, 273 F.3d 693,

702 (6th Cir. 2001)). First, "[t]he subjective component focuses on the state of mind of the prison officials." *Williams*, 631 F.3d at 383. Courts ask "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. Second, "[t]he objective component requires the pain inflicted to be 'sufficiently serious.'" *Williams*, 631 F.3d at 383 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). The objective component requires a "contextual" investigation that is "responsive to 'contemporary standards of decency.'" *Hudson*, 503 U.S. at 8 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). Although the extent of a prisoner's injury may help determine the amount of force used by the prison official, it is not dispositive of whether an Eighth Amendment violation has occurred. *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . [w]hether or not significant injury is evident." *Hudson*, 503 U.S. at 9.

Furthermore, "[f]ederal courts have long held that sexual abuse is sufficiently serious to violate the Eighth Amendment[;] [t]his is true whether the sexual abuse is perpetrated by other inmates or by guards." *Rafferty v. Trumbull Cnty.*, 915 F.3d 1087, 1095 (6th Cir. 2019) (citations omitted); *Bishop v. Hackel*, 636 F.3d 757, 761 (6th Cir. 2011) (discussing inmate abuse); *Washington v. Hively*, 695 F.3d 641, 642 (7th Cir. 2012) (discussing abuse by guards).

The Sixth Circuit has joined multiple other courts to conclude that incidents of sexual touching coupled with sexual remarks do not rise to the level of an Eighth Amendment violation so long as the offensive conduct was "isolated, brief, and not severe[.]" *See Rafferty*, 915 F.3d at 1095 (citing *Jackson v. Madery,* 158 F. App'x 656, 662 (6th Cir. 2005)); *see also e.g., Solomon v. Mich. Dep't of Corr.*, 478 F. App'x 318, 320–21 (6th Cir. 2012) (finding that two "brief" incidents of physical contact during pat-down searches, including touching and squeezing the prisoner's

penis, coupled with sexual remarks, did not rise to the level of a constitutional violation); *Jackson,* 158 F. App'x at 662 (finding that correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to meet Eighth Amendment standards), *abrogated on other grounds by Maben v. Thelen*, 887 F.3d 252 (6th Cir. 2018); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (finding that male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1998) (finding that where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault); *accord Boxer X v. Harris,* 437 F.3d 1107, 1111 (11th Cir. 2006), *partially abrogated by Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010).

However, repeated and extreme incidents may sufficiently state a claim. For example, the Sixth Circuit concluded that a prison officer's demand that a female prisoner expose her breasts or masturbate in the officer's presence on six occasions was not "isolated, brief and not severe," and was sufficiently serious to state an Eighth Amendment claim that survives the defense of qualified immunity. *Rafferty*, 915 F.3d at 1095; *see also Seltzer-Bey v. Delo*, 66 F.3d 961, 962–63 (8th Cir. 1995) (allegations that prison guard conducted daily strip searches, made sexual comments about prisoner's penis and buttocks, and rubbed prisoner's buttocks with nightstick were sufficient to withstand motion for summary judgment).

**1. Defendant Wade**

Plaintiff alleges that on February 14, 2023, Defendant Wade "aggressively mashed [a] white substance into the side of the Plaintiff's face," and called it "powdered nut." (Compl., ECF No. 1, PageID.2.) Plaintiff claims that Defendant Wade used "such force as to attempt to break

[Plaintiff's] cheek skin." (*Id.*) On the following day, February 15, 2023, Defendant Wade kneed Plaintiff in the buttocks and made sexual comments about Plaintiff's buttocks. (*Id.*)

**a. Excessive Force**

As noted above, Plaintiff alleges that on February 14, 2023, Defendant Wade "aggressively mashed" a white substance onto Plaintiff's face with "such force as to attempt to break [Plaintiff's] cheek skin" on February 14, 2025." (Compl., ECF No. 1, PageID.2.) The Eighth Amendment is violated "[w]hen prison officials maliciously and sadistically use force to cause harm," "whether or not significant injury is evident." *Hudson*, 503 U.S. at 9. "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9–10, (quoting *Whitley v. Albers,* 475 U.S. 312, 327 (1986)).

At this early stage in the proceedings, the Court must take Plaintiff's factual allegations as true and in the light most favorable to Plaintiff. Under these circumstances, although Plaintiff's claims do not allege more than a *de minimis* injury, the Court will not dismiss Plaintiff's Eighth Amendment excessive force claim against Defendant Wade for the February 14, 2023, incident.

**b. Sexual Harassment**

Plaintiff also brings Eighth Amendment sexual harassment claims against Defendant Wade regarding their interactions on February 14, 2023, and February 15, 2023. *See supra* Section II.B.1. As explained below, Defendant Wade's conduct on February 14, 2023, and February 15, 2023, toward Plaintiff does not rise to the level of an Eighth Amendment violation for sexual harassment. Specifically, the two incidents with Defendant Wade were isolated and brief, and, as claims for

sexual harassment, they lacked the severity required to show a constitutional violation. *See Rafferty*, 915 F.3d at 1095 (6th Cir. 2019); *see also Seltzer-Bey*, 66 F.3d at 962–63.

Here, Defendant Wade's actions are analogous to the defendant-officer's actions in *Soloman*, in which the officer made sexual remarks and squeezed the prisoner-plaintiff's penis on two occasions during pat-down searches. *Solomon*, 478 F. App'x at 320–21. There, the Sixth Circuit found no constitutional violation because the defendant's conduct was brief and limited and even though it was coupled with offensive sexual remarks, the conduct constituted the type of "[m]inor, isolated incidents" that do not rise to the level of an Eighth Amendment violation. *Id*. Similarly, in this action, Defendant Wade's touching of Plaintiff's face and buttocks was brief in duration and isolated in time because there are no allegations of further physical or verbal contact from Defendant Wade after the dates alleged. *See id.*

Therefore, Plaintiff's Eighth Amendment sexual harassment claims against Defendant Wade will be dismissed for failure to state a claim.

**2. Defendant Dubois**

Plaintiff alleges that on February 17, 2023, Defendant Dubois "came up from behind and massaged the Plaintiff's shoulders," and said, "Alright, big daddy, relax." (Compl., ECF No. 1, PageID.3.) Plaintiff alleges that this happened several times during Defendant Dubois's shift. (*Id*.)

Although Plaintiff complains of conduct by Defendant Dubois that could be improper, nothing in the complaint suggests that the alleged conduct was anything other than "isolated, brief, and not severe[.]" *Rafferty*, 915 F.3d at 1095. Specifically, Plaintiff alleges that during one work shift on one day, Defendant Dubois touched Plaintiff's shoulders only and made inappropriate comments. Plaintiff's allegations do not suggest that Defendant Dubois took these actions in a private or personal setting, and Plaintiff's complaint provides no allegations to suggest there was any further physical or verbal contact from Defendant Dubois after this incident. Given these

circumstances, the Court finds that Plaintiff fails to state a claim against Defendant Dubois. *See Solomon*, 478 F. App'x at 320–21.

Therefore, Plaintiff's Eighth Amendment claims against Defendant Dubois will be dismissed for failure to state a claim.

### C. Fourteenth Amendment Equal Protection Claims against Defendants Wade and Dubois

Plaintiff's list of claims raises an equal protection claim by averring that Defendants Wade and Dubois "discriminat[ed and] singled [Plaintiff] out of other inmates that were similarly suited," in violation of his Fourteenth Amendment rights. (Compl., ECF No. 1, PageID.5.)

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Here, although Plaintiff uses the word "discriminatively" and "similarly situated" when setting forth his claims, Plaintiff fails to allege any *facts* to support his conclusory assertions.

Indeed, Plaintiff fails to allege any facts to suggest that he was treated differently than others who were similarly situated. Instead, any allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under Section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Furthermore, even viewing Plaintiff's equal protection claim as a class-of-one claim, the Court would reach the same conclusion because Plaintiff's equal protection claims are wholly conclusory, and he has alleged no facts that plausibly suggest that his equal protection rights were violated.

Accordingly, any intended Fourteenth Amendment equal protection claims will be dismissed.

**D. Claims against Defendants Morrison and Unknown Party**

In Plaintiff's list of claims, he avers that Defendant Morrison violated Plaintiff's Fourteenth Amendment right to due process and access to the courts by not providing Plaintiff with photographs of the incidents with Defendants Wade and Dubois. (*See* Compl., ECF No. 1, PageID.5.) Similarly, Plaintiff avers that Defendant Unknown Party violated Plaintiff's Fourteenth Amendment right to due process and access to the courts by not providing Plaintiff with his grievances. (*Id.*)

Claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Therefore, "[w]ithout a protected liberty or property interest, there can be no federal procedural due process claim." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 519 (6th Cir. 2007) (citing *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 579 (1972)).

Various courts have repeatedly held that there exists no constitutionally protected due process right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*,

80 F. App'x 427, 430 (6th Cir. 2003); *Young v. Gundy*, 30 F. App'x 568, 569–70 (6th Cir. 2002); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (collecting cases). And Michigan law does not create a liberty interest in the grievance procedure. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001); *Wynn v. Wolf*, No. 93-2411, 1994 WL 105907, at *1 (6th Cir. Mar. 28, 1994).

Thus, Plaintiff has no liberty interest in the grievance process. Any response, or lack thereof, to Plaintiff's grievances by Defendants Morrison or Unknown Party did not deprive Plaintiff of due process. Further, Plaintiff fails to allege a protected liberty or property interest dependent upon Defendant Morrison providing photographs of the conduct of Defendants Wade and Dubois.[6]

In addition, even if Plaintiff had been improperly prevented from filing a grievance, his right of access to the courts to petition for redress of his grievances (i.e., by filing a lawsuit) cannot be compromised by his inability to file institutional grievances. *See, e.g.*, *Lewis v. Casey*, 518 U.S. 343, 355 (1996) (requiring actual injury); *Bounds v. Smith*, 430 U.S. 817, 821–24 (1977). The

---

[6] To the extent that Plaintiff seeks to hold Defendant Morrison liable due to his supervisory position as Warden of LCF, he fails to state a claim. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Plaintiff here fails to allege any *facts* showing that Defendant Morrison encouraged or condoned the conduct of his subordinates, or authorized, approved, or knowingly acquiesced in their conduct.

exhaustion requirement only mandates exhaustion of available administrative remedies. *See* 42 U.S.C. § 1997e(a). If Plaintiff were improperly denied access to the grievance process, the process would be rendered unavailable, and exhaustion would not be a prerequisite for initiation of a civil rights action. *See Ross v. Blake*, 578 U.S. 632 (2016) (reiterating that, if the prisoner is barred from pursuing a remedy by policy or by the interference of officials, the grievance process is not available, and exhaustion is not required); *Kennedy v. Tallio,* 20 F. App'x 469, 470 (6th Cir. 2001).

Furthermore, to the extent that Plaintiff intended to raise a separate access to the courts claim regarding the failure to provide Plaintiff with photographs, in order to state a viable claim for interference with his access to the courts, a plaintiff must show actual injury to pending or contemplated litigation. *See Lewis*, 518 U.S. at 349; *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999). "[A] prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). The Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* Here, Plaintiff fails to identify any specific, underlying cause of action, let alone identify a lost remedy in the unspecified cause of action. Under these circumstances, Plaintiff fails to state an access to the courts claim.

Accordingly, for these reasons, Plaintiff's due process claims and access to the courts claims against Defendants Morrison and Unknown Party will be dismissed for failure to state a claim.

## III. State Law Claims

When setting forth his claims for relief, Plaintiff states that Michigan law allows for "damages for personal injury and [intentional infliction of emotional distress] IIED." (Compl., ECF No. 1, PageID.5.)

As an initial matter, as discussed above, Plaintiff's assertion that Defendants violated state law fails to state a claim under Section 1983. *See Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Furthermore, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)).

Here, because Plaintiff continues to have a pending federal claim against Defendant Wade, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant Wade for the incident on February 14, 2025. Plaintiff's federal claims against Defendants Dubois, Morrison, and Unknown Party will be dismissed, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendants Dubois, Morrison, and Unknown Party.

## Conclusion

The Court will grant Plaintiff leave to proceed *in forma pauperis.* Further, having conducted the review required by the PLRA, the Court determines that Defendants Dubois, Morrison, and Unknown Party will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss, for failure to state a claim, Plaintiff's Eighth Amendment sexual harassment claim against remaining Defendant

Wade. Plaintiff's Eighth Amendment excessive force claim against Defendant Wade for the incident on February 14, 2025, remains in the case.

An order consistent with this opinion will be entered.

Dated: September 25, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge